**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jury De La Cruz, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 287 |
| | ) | |
| Collecto, Inc., d/b/a EOS CCA, a | ) | |
| Massachusetts corporation, and US | ) | |
| Asset Management, Inc., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jury De La Cruz, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) many of the acts and

transactions occurred here; and, b) one of the Defendants resides and transact

business here.

**PARTIES**

3.      Plaintiff, Jury De La Cruz ("De La Cruz"), is a resident of the State of New

Jersey, from whom Defendants attempted to collect a delinquent consumer debt owed

for an AT&T account, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4.     Defendant, Collecto, Inc., d/b/a EOS CCA ("EOS"), is a Massachusetts corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  EOS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant EOS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, US Asset Management, Inc. ("USAM"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  USAM operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant USAM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant USAM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through its sister corporation, Defendant EOS.

7.     Defendant EOS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois

Secretary of State, attached as Exhibit A.  In fact, EOS and USAM each conduct substantial business in Illinois.

8.      Defendant EOS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant USAM acts as a collection agency in Illinois.

### FACTUAL ALLEGATIONS

9.      Ms. De La Cruz fell behind on paying her bills, including a debt she allegedly owed for an AT&T account.  At some point in time after that debt became delinquent, Defendant USAM bought that debt and had its sister company, Defendant EOS, begin trying to collect it from Ms. De La Cruz.  This caused Ms. De La Cruz to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendants' collection actions.

10.      Accordingly, via a letter, dated July 9, 2013, one of Ms. De La Cruz's attorneys at LACD informed Defendants, in writing, that she was represented by counsel, and directed EOS to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. De La Cruz was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt.  A copy of this letter and fax confirmation is attached as Exhibit C.

11.      Thereafter, from their offices in Chicago, Illinois, Ms. De La Cruz's attorneys made, and Defendants accepted, seven regular monthly payments on the debt.

12.      Nonetheless, Defendants, communicated directly with Mr. De La Cruz, via a letter dated January 6, 2014, regarding payment of the AT&T debt.  A copy of this

collection letter is attached as Exhibit D.

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Mr. De La Cruz's attorney/agent, LACD, told Defendants to cease communications with Mr. De La Cruz (Exhibit C).  By continuing to communicate via a letter regarding the debt and demanding payment from Mr. De La Cruz (Exhibit D), Defendants violated § 1692c(c) of the FDCPA.

18.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

4

communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew that Ms. De La Cruz was represented by counsel in

connection with her debts because her attorneys at LACD had informed Defendants, in

writing (Exhibit C), that she was represented by counsel, and had directed Defendants

to cease directly communicating with her.  By directly sending Ms. De La Cruz a

collection letter (Exhibit D), despite being advised that she was represented by counsel,

Defendants violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable

for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Jury De La Cruz, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Mr. De La Cruz and against Defendants EOS

and US Asset Management, for actual and statutory damages, costs, and reasonable

attorneys' fees as provided by§1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jury De La Cruz, demands trial by jury.

Jury De La Cruz,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

5

Dated:  January 15, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

6